UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAHN SWICK & FOTI, LLC | CIVIL ACTION |
| VERSUS | NO: 16-17835 |
| MILBERG, LLP, ET AL. | SECTION: "J"(2) |

**ORDER & REASONS**

Before the Court is a *Motion to Transfer Venue, or alternatively, to Stay Proceedings* **(R. Doc. 7)** filed by Milberg, LLP ("Milberg") and an opposition (R. Doc. 15) thereto filed by Kahn Swick & Foti, LLC ("KSF"). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Milberg's *Motion to Transfer Venue, or alternatively, to Stay Proceedings* **(R. Doc. 7)** should be **GRANTED IN PART**.[1]

**FACTS AND PROCEDURAL BACKGROUND**

This litigation arises from an attorneys' fee dispute from the securities fraud class action ("Vioxx litigation") against Merck & Co., Inc. ("Merck"). In short, the plaintiffs in the Vioxx litigation alleged that Merck made materially false and misleading statements related to its drug, Vioxx. The Plaintiff in this case, KSF, is a Louisiana limited liability company located in

---

[1] On March 15, 2017, the Court held oral argument on the current motion and KSF's *Motion to Remand* (R. Doc. 10). At oral argument the Court denied Plaintiff's *Motion to Remand* and dismissed KSF's claims against the Whitehead Law Firm, LLC and C. Mark Whitehead, III without prejudice. *See* (R. Docs. 10, 23.)

Madisonville, Louisiana. Defendant Milberg is a New York limited liability partnership with partners domiciled in Alabama, California, Michigan, New Jersey, and New York.

In 2003, Milberg approached KSF to serve as its Louisiana counsel and file a securities fraud class action against Merck. KSF agreed and filed suit in this Court. That action was randomly allotted to the Honorable Kurt D. Englehardt. On March 3, 2004, Judge Englehardt appointed Milberg as Co-Lead Counsel and KSF as Co-Liaison Counsel. While the Vioxx litigation was originally tried in this Court, after two years it was transferred to the United States District Court for the District of New Jersey and assigned to the Honorable Stanley R. Chesler. After the case was transferred, Milberg and KSF allegedly created a joint venture agreement. This agreement allegedly provides that KSF was to receive its lodestar fee and, if Milberg retained its Lead Counsel position, Milberg was to pay KSF ten percent of its proceeds from the Vioxx litigation. Much of the parties' dispute revolves around this alleged agreement.[2] The Vioxx litigation ultimately settled in June of 2016, resulting in a settlement fund of approximately $1 billion and a fee award of approximately $200 million. At some point thereafter, Milberg notified KSF that it would not pay KSF

---

[2] The Court makes no determination as to whether there was a contract between KSF and Milberg, whether Milberg retained its Lead Counsel position, or whether KSF is entitled to any portion of the funds allegedly owed under the joint venture agreement.

2

any of its accumulated lodestar, nor ten percent of its proceeds. Milberg argues, *inter alia*, that it did not retain its Lead Counsel position as contemplated by the alleged agreement. In October 2016, Milberg was awarded $25 million by Judge Chesler, and KSF was awarded $400,000. KSF argues that this $400,000 was only for it lodestar, and that it is entitled to at least ten percent of Milberg's award.

On November 21, 2016, KSF filed suit in Civil District Court for the Parish of Orleans, Louisiana ("Orleans Parish Action"). There, KSF argued that Milberg breached the alleged joint venture agreement and its fiduciary duty, and KSF sought a temporary restraining order and permanent injunction to enjoin Milberg from alienating any portion of the proceeds awarded by Judge Chesler. On November 28, 2016, Milberg filed summons in the Supreme Court of the State of New York for the County of New York ("New York Action") seeking a declaratory judgment that KSF is not entitled to any money pursuant to the alleged joint venture agreement. On December 7, 2016, the Orleans Parish District Court issued a temporary restraining order prohibiting Milberg from alienating any of the disputed funds, but KSF's request for a permanent injunction was ultimately denied. On December 27, 2016, Milberg filed a complaint in the New York Action and on the following day removed the Orleans Parish Action to this Court. Then, on January 16, 2017, Milberg filed the present *Motion to Transfer, or in the*

3

*alternative, to Stay Proceedings*. On March 15, 2017, the Court held oral argument on the present motion and KSF's *Motion to Remand* (R. Doc. 10). During oral argument, the Court denied KSF's *Motion to Remand*. *See* (R. Doc. 10, 23.) Accordingly, the only remaining motion before the Court is Defendants' *Motion to Transfer, or in the Alternative, to Stay Proceedings* (R. Doc. 7).

## PARTIES' ARGUMENTS

### 1. Milberg's Arguments

Milberg argues that this case should be transferred to the District of New Jersey for the convenience of the parties and witnesses and in the interest of justice. First, Milberg contends that this action might have been brought in the District of New Jersey because a substantial part of the events giving rise to KSF's claim occurred in New Jersey. Additionally, Milberg argues that venue is also proper in the District of New Jersey because Milberg is a resident of New Jersey and subject to both general and specific jurisdiction in the District of New Jersey. Finally, Milberg argues that the *Gilbert*[3] public and private interest factors weigh in favor of transferring this case to the District of New Jersey. In the alternative, Milberg argues that this action should be stayed pursuant to the *Colorado River*[4] doctrine.

---

[3] *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).
[4] *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

4

### 2. KSF's Arguments

KSF first argues that this action could not have been brought in the District of New Jersey because the District of New Jersey does not have personal jurisdiction over all of the litigants in this dispute. Further, KSF contends that convenience and justice demand that this action be litigated in this Court. KSF asserts that Louisiana is the most convenient and appropriate forum for the resolution of this dispute and that the public and private interest factors weigh against transferring this case to the District of New Jersey. Finally, KSF contends that a stay of this action pursuant to the *Colorado River* doctrine is unwarranted.

## LEGAL STANDARD

### 1. Transfer of Venue

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." District courts have broad discretion when making this decision. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (*Volkswagen II*). The Fifth Circuit applies a two-part test to decide whether a § 1404 transfer is warranted. First, as a threshold issue, a case can be transferred to a venue only if that venue is one where the action "might have been brought." *Id.* at 312. Second, the party

5

requesting the transfer must demonstrate "good cause", such that the requested venue is "clearly more convenient" than the venue chosen by the Plaintiff. *Id.* at 315. Where a defendant seeks a § 1404 transfer of venue the plaintiff's choice of venue is given less weight than when a defendant seeks dismissal pursuant to *forum non conveniens*. See *id.* at 309, 315.

To determine the relative convenience of the venues, courts may weigh the private and public interest factors. *Id.* at 315. The private interest factors include:

>   (1) the relative ease of access to sources of proof;
>   (2) the availability of compulsory process to secure the attendance of witnesses;
>   (3) the cost of attendance for willing witnesses; and
>   (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* The public interest factors include:

>   (1) the administrative difficulties flowing from court congestion;
>   (2) the local interest in having localized interests decided at home;
>   (3) the familiarity of the forum with the law that will govern the case; and
>   (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* These factors are "not necessarily exhaustive or exclusive," and none are dispositive. *Id.*

## DISCUSSION

The threshold issue is whether the instant case "might have been brought" in the United States District Court for the District of New Jersey. See *id.* Milberg would have been subject to the

District of New Jersey's general jurisdiction, as it has at least one partner who is domiciled there. *See Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014). In addition, Milberg would have been subject to specific jurisdiction in New Jersey—from approximately 2006 to 2016 the Vioxx litigation, in which Milberg participated, was conducted in New Jersey, which gives rise to sufficient minimum contacts with the state. *See Burger King Corp.*, 471 U.S. at 474. Further, under 28 U.S.C. § 1391(b)(2), venue is proper when in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," which is also satisfied by the years of litigation in the District of New Jersey.

   Moreover, the Court finds that the private and public interest factors weigh in favor of transferring his case to Judge Chesler in the District of New Jersey. The outcome of this case hinges on the facts in the underlying Vioxx litigation and the appointment and performance of "Lead Counsel." Most importantly, the Court finds that having Judge Chesler resolve this dispute, given his keen familiarity with the intricacies of the Vioxx litigation, the circumstances surrounding its resolution, and the appointment and performance of "Lead Counsel", will be most convenient for the parties and in the interest of justice. Additionally, the individuals which formed the alleged joint venture agreement were all involved, or supposed to be involved, in the Vioxx litigation which occurred in the District of New Jersey, and these individuals

7

are located in New Jersey. Thus, KSF is the only party to the alleged joint venture agreement located in Louisiana. Accordingly, resolving this dispute in the District of New Jersey will be more convenient for the parties involved. Finally, because the Court finds that transferring this case to the District of New Jersey is appropriate, Milberg's request to stay these proceedings pursuant to the *Colorado River* doctrine is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Milberg, LLP's *Motion to Transfer Venue, or in the alternative, to Stay Proceedings* **(R. Doc. 7)** is **GRANTED IN PART**. This case is hereby **TRANSFERRED** to the Honorable Stanley R. Chesler in the United States District Court for the District of New Jersey. However, the Court **DENIES** Milberg's request to stay these proceedings pursuant to the *Colorado River* doctrine.

New Orleans, Louisiana this 23rd day of March, 2017.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE